UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVONTAE SANFORD,

       Plaintiff,

v.

MICHAEL RUSSELL, and JAMES
TOLBERT, in their official and/or
individual capacities, jointly and
severally,

       Defendants.

Case No. 17-CV-13062-DML-RSW
Hon. David M. Lawson
Magistrate Judge R. Whalen

**PLAINTIFF'S REPLY TO
DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO
STRIKE OPINIONS AND
TESTIMONY OF DR. MICHAEL
WELNER AND MARK ST. PETER**

---

Emma Freudenberger
Nick Brustin
Len Kamdang
Bettina Roberts
Amelia Green
*Attorneys for Plaintiff*
Neufeld Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York, New York 10013
P: (212) 965-9081
E: emma@nsbcivilrights.com
   nick@nsbcivilrights.com
   len@nsbcivilrights.com
   bettina@nsbcivilrights.com
   amelia@nsbcivilrights.com

T. Joseph Seward (P-35095)
Michael T. Berger (P-77143)
Michael A. Knoblock (P-77544)
*Attorneys for Defendants*
Seward Henderson PLLC
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
E: jseward@sewardhenderson.com
   mberger@sewardhenderson.com
   mknoblock@sewardhenderson.com

Jerry L. Ashford (P-47402)
Krystal A. Crittendon (P-49981)
*Attorneys for Defendants*
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
P: (313) 237-3089
E: ashfj@detroitmi.gov
   critk@detroitmi.gov

William H. Goodman (P-14173)
Julie H. Hurwitz (P-34720)
Kathryn Bruner James (P-71374)
Huwaida Arraf (NY 4707220)
*Attorneys for Plaintiff*
Goodman Hurwitz & James, P.C.
1394 E. Jefferson Avenue
Detroit, Michigan 48207
P: (313) 567-6170
E: bgoodman@goodmanhurwitz.com
   jhurwitz@goodmanhurwitz.com
   kjames@goodmanhurwitz.com
   harraf@goodmanhurwitz.com

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE OPINIONS AND TESTIMONY OF DR. MICHAEL WELNER AND MARK ST. PETER**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... ii

STATEMENT OF THE ISSUES PRESENTED.................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. iv

I.    Introduction ....................................................................................1

II.   Argument........................................................................................2

    a.   This Court should affirm its previous ruling that Dr. Welner may not testify

         at trial..........................................................................................2

    b.   Mark St. Peter should be excluded from testifying........................................7

III.  Conclusion ......................................................................................7

<u>TABLE OF AUTHORITIES</u>

**Cases**

*Heller v. District of Columbia*, 801 F.3d 264 (D.C. Cir. 2015).................................5

*Marathon Petroleum Co. LP v. Midwest Marine, Inc.*, 906 F. Supp. 2d 673 (E.D.

   Mich. 2012) ...........................................................................................7

*Ogle v. Koorsen Fire & Sec., Inc.*, 2018 WL 4620308 (S.D. Ohio Sept. 26, 2018) .6

*R.C. Olmstead, Inc. v. C.U. Interface, LLC*, 606 F.3d 262 (6th Cir. 2010)...........4, 6

*Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776 (6th Cir. 2003) ....6

**Rules**

Federal Rule of Civil Procedure 26(a)(2) ..................................................................4

## <u>STATEMENT OF THE ISSUES PRESENTED</u>

1. Should this Court grant Plaintiff's motion to strike Defendants' retained experts Dr. Mark Welner and Mark St. Peter for failure to comply with Rule 26(a)(2)?

      Plaintiff Answers:      "Yes"

      Defendants Answer:      "No"

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Federal Rule of Civil Procedure 26(a)(2)

## I.    Introduction

Defendants' response is almost impressive in its brazenness. Rather than address the fact that this Court has already evaluated Dr. Welner's affidavit and ruled that it fails to comply with Rule 26, Defendants simply pretend that the October 18th hearing—at which the Court ruled Dr. Welner cannot testify because "there was no report that was furnished within the Court's deadlines"—never happened. (Dkt. 127, at 39.) But Dr. Welner's September 7th affidavit contains no more proper expert opinions today than it did when the Court last considered it. As the Court has already recognized, the only appropriate remedy is exclusion; anything else at this point would unfairly prejudice Plaintiff.

Defendants admit that they never supplied any report from Mr. St. Peter at all. But Defendants argue that Mr. St. Peter should be exempt from Rule 26's requirements because, when his opinions do come, "Plaintiff will not suffer surprise." Of course, since Plaintiff has no idea what Mr. St. Peter's opinions might be (and presumably, neither do Defendants since they still have not disclosed any), surprise is inevitable. In any event, a retained expert who ignores the requirements of Rule 26 may not testify, and Mr. St. Peter has had ample time to analyze Mr. Smothers's phone and disclose any expert opinions.

Because Dr. Welner and Mr. St. Peter failed to satisfy Rule 26(a)(2)(B)'s requirements, this Court should grant Plaintiff's motion to strike.

1

## II.   Argument

### a. This Court should affirm its previous ruling that Dr. Welner may not testify at trial.

At the October 18, 2018 hearing, this Court denied Defendants' request for Dr. Welner to examine Plaintiff Davontae Sanford. The Court held that the "disclosure deadline has already occurred" and Dr. Welner "would not be able to testify, because there is no report that was furnished within the Court's deadlines." (Dkt. 127, at 39.) Defendants do not sincerely attempt to relitigate that decision. Instead, they point to a bullet point list of "opinions," the vast majority of which are simply definitions of a field of science, *see, e.g.*, Dkt. 152, at 15 ("Psychiatry is the science of human behavior, personality and emotions, including all aspects of cognition, such as decision-making, memory, impulse control, and judgment"), or facts about the case that no expert would be permitted to testify to. (*See id.* ("Mr. Smothers has asserted that, in his capacity as a hired killer, he carried out the Runyan [sic] murders with Mr. Davis and not with Mr. Sanford."))

Defendants' last-ditch attempt to recast Dr. Welner's September 7th affidavit as complete fails miserably. Prior to the Court's October 18th ruling, Defendants and Dr. Welner both acknowledged the obvious: Dr. Welner's report was incomplete. On October 16, 2018, Defendants stated that they would serve an updated expert report: "[d]ue to extensive discovery still be [sic] conducted," Dr. Welner's report "will be supplemented." (Dkt. 140-4, at 4.) And Dr. Welner

2

repeatedly asserts in his disclosure that he has not yet formed opinions connected to this case. (*See, e.g.*, Dkt. 140-3, at ¶ 47 ("There are a number of assertions [Dr. Redlich] makes that, *in the final report of my findings*, I will dispute and with basis for that disagreement.") (emphasis added); *id.* at 54 ("*I will reserve consideration of that for when I complete my review.*") (emphasis added); *id.* at ¶ 62 ("My evaluation also must consider the effects of prison on Mr. Sanford's development. In order to do so I must review his emotional condition and his function prior to his arrest, and how he is going more recently. *I am gathering source materials to inform this.*") (emphasis added).)

Defendants somehow argue that the fact that Plaintiff has no knowledge of Dr. Welner's opinions is his own fault for not deposing Dr. Welner. That suggestion is absurd. Defendants represented that they would supplement Dr. Welner's report once he had conducted further review, but had not done so up until the point when the Court ruled it was too late. Defendants cannot fend off a deposition by stating that an expert's opinions are forthcoming, then fail to disclose any, and then blame Plaintiff for not conducting a deposition to find out what those opinions are.

Indeed, that form of gamesmanship is exactly what Rule 26 was designed to prevent. Rule 26(a)(2)(B) was adopted so "that opposing counsel is not forced to depose an expert in order to avoid ambush at trial" and "to shorten or decrease the

3

need for expert depositions." *R.C. Olmstead, Inc. v. C.U. Interface, LLC*, 606 F.3d

262, 271 (6th Cir. 2010) (citation omitted). Plaintiff could hardly have deposed Dr.

Welner when Defendants represented that they would, at a later date, provide "a

complete statement of all opinions the witness will express and the basis and

reasons for them." Fed. R. Civ. P. 26(a)(2)(B). Ultimately, the Court ruled that Dr.

Welner could not testify because he had missed the Court's deadline—twice.

Plaintiff certainly was not obligated to depose Dr. Welner after the Court ruled that

he could not testify. And to force Plaintiff now to cross-examine Dr. Welner based

on his September 7th placeholder report, without the benefit of a deposition, is the

very definition of an "ambush." *R.C. Olmstead*, 606 F.3d at 271. It rewards

Defendants' gamesmanship and undermines the purposes of Rule 26(a)(2).

Perhaps overwhelmed by Sixth Circuit precedent contradicting their

position, Defendants point to one out-of-circuit case in a belated attempt to assert

the sufficiency of Dr. Welner's report. According to Defendants, the D.C. Circuit

held that if a report contains the bases of the expert's opinions, a summary of the

expert's relevant experiences, and an adequate notice of the opinions, the written

report complies with Rule 26(a)(2)(B). True. But Defendants are eliding a key

component of the D.C. Circuit's holding: "Where Defendants have *provided*

*adequate notice of the opinions* they expect these experts to offer *and Plaintiffs*

*have had and continue to have opportunities to challenge these conclusions*, the

4

goals of Rule 26(a) are satisfied." *Heller v. District of Columbia*, 801 F.3d 264, 271 (D.C. Cir. 2015) (emphases added).

Defendants have not come close to meeting their Rule 26(a)(2)(B) burden, even under the *Heller* standard. Dr. Welner's report does not provide adequate notice: Plaintiff still has no idea what opinions related to this case Dr. Welner intends to offer. (*See* Dkt. 140, at 14-17 (listing several of Dr. Welner's opinions that he admitted were incomplete).)

Even the allegedly complete opinions cited in Defendants' response lack adequate support. For example, Dr. Welner states "Mr. Sanford was a gang affiliate from age 11. Forensic psychology literature cites false confessions to occur among younger gang conscripts who falsely take responsibility for crimes in order to protect more established gang members." (Dkt. 152, at 17). Leaving aside the lack of foundation and unfair prejudice this irrelevant testimony would create, Dr. Welner neither claims to be an expert on gangs, nor does that opinion point to any relevant literature on false confessions and younger gang conscripts. Similarly, Dr. Welner claims "Suspects negate previous admission as a matter of trial strategy, and often insincerely but because they feel obliged to disavow what may be powerful evidence against themselves." (*Id.*) Again, that opinion has no support either in Dr. Welner's qualifications, his experiences as a clinical and forensic psychologist, or the materials that he reviewed.

5

Defendants also have not met the *Heller* standard because Plaintiff has not had the opportunity to challenge any of Dr. Welner's alleged opinions. Again, due to Defendants' representation that they would supplement their disclosure—up until the point the Court ruled they were too late—Plaintiff had no reason to depose Dr. Welner. The time for expert depositions, disclosing rebuttal expert testimony, and *Daubert* motions has passed. Even if there were proper opinions disclosed in the September 7th affidavit, which there are not, to now reconsider the ruling in place and permit Dr. Welner to testify represents extreme prejudice to Plaintiff. *See, e.g.*, *Ogle v. Koorsen Fire & Sec., Inc.*, 2018 WL 4620308, at *5 (S.D. Ohio Sept. 26, 2018) (finding prejudice where opposing party could not timely disclose rebuttal experts and any extension "would wholly disrupt the flow of litigation").

As this Court has already determined, Dr. Welner's affidavit failed to meet the requirements of Rule 26(a)(2)(B). Rule "37(c)(1) requires absolute compliance with Rule 26(a)" and the penalty is exclusion, unless the lack of disclosure was substantially justified or harmless. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (internal quotation marks and citation omitted). Dr. Welner's testimony is not harmless and should therefore be excluded at trial. *See, e.g.*, *R.C. Olmstead*, 606 F.3d at 270-72 (affirming district court's exclusion of expert for failure to satisfy the disclosure requirements); *Marathon*

*Petroleum Co. LP v. Midwest Marine, Inc.*, 906 F. Supp. 2d 673, 706 (E.D. Mich. 2012) (Lawson, J.) (expert testimony excluded for failure to timely produce a Rule 26(a)(2)(B) report).

### b. Mark St. Peter should be excluded from testifying.

For the very first time, Defendants claim in their response that the reason Mr. St. Peter still has not attempted to extract data from Mr. Smothers's phone is because he "began experiencing health problem, requiring his hospitalization." (Dkt. 152, at 32.) Plaintiff regrets that Mr. St. Peter is ill, but Defendants have long since abandoned any right to present expert testimony from him. Their expert disclosure deadline was months ago. Defendants have had access to the cell phone since this litigation began. Defendants never bothered to seek an extension from the Court, or even to seek Plaintiff's consent to enlarge their deadline. There is no good reason to provide Defendants further relief.

### III.   Conclusion

For the foregoing reasons, this Court should grant Plaintiff's motion to strike the opinions and testimony of Dr. Mark Welner and Mark St. Peter.


Dated: December 21, 2018

**/s/ Emma Freudenberger**
Emma Freudenberger
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, New York 10013

(212) 965-9081
emma@nsbcivilrights.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 21, 2018, I electronically filed the foregoing motion response with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

*<u>/s/ Oscar Hurtado</u>*