UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVONTAE SANFORD,

        Plaintiff,                                      Case Number 17-13062

v.                                                                       Honorable David M. Lawson

MICHAEL RUSSELL and JAMES
TOLBERT,

        Defendants.
_____/

## ORDER REGARDING DEFENDANTS' MOTIONS *IN LIMINE*

This matter is before the Court on numerous motions *in limine* filed by the parties in advance of the trial in this case. The Court has reviewed the motions and finds that they all are fully briefed and ready for decision, and that in most instances the issues adequately are presented by the briefing, and oral argument would not aid in their disposition. Accordingly, it is **ORDERED** that the following defendants' motions, which are addressed by this order (ECF No. 179, 180, 182, 183, 185, 187, 190, 193, 194, 195, 197, 198, 201, 203, 204), shall be decided on the papers submitted, and the oral argument on those motions scheduled for June 14, 2019 is **CANCELLED**. E.D. Mich. LR 7.1(f)(2). The hearing on the parties' remaining pending motions shall proceed as scheduled.

I.

The Court notes that the defendants recently filed a notice of appeal of the Court's denial of their motion for summary judgment premised on qualified immunity. Although the Court lacks jurisdiction to entertain any proceedings in this case that implicate the issues presented by the pending appeal, the Court does have limited authority to address ministerial affairs such as the evidentiary housekeeping issues present by the pending motions *in limine*, which have no bearing

on the disposition of the appeal. "The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "It is generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Ibid.* However, in certain circumstances the district court may retain limited power to address aspects of the case not involved in the appeal, when the court's action "do[es] not threaten the orderly disposition of the interlocutory appeal." 16A Fed. Prac. & Proc. Juris. § 3949.1 (4th ed. 2016); *see also Seeds of Peace Collective v. City of Pittsburgh*, No. 09-1275, 2010 WL 2990734, at *3 (W.D. Pa. July 28, 2010) (denying stay as to defendants not subject to appeal of the denial of qualified immunity in a civil rights case). The Court finds that issuing prompt rulings on the parties' evidentiary motions will not affect any rights at stake in the pending appeal.

II.

A.

In their first motion, the defendants ask the Court to "preclude [the plaintiff] from introducing Detroit Police Department's policies and procedures into evidence," because policies and procedures do not establish constitutional standards, and, therefore, their terms are irrelevant to the plaintiff's civil rights claims in this case. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The plaintiff correctly points out, the content of the policies and procedures may be relevant to the determination of willfulness of the defendants' conduct, if it is shown that the defendants were aware of or had been trained in police

procedures relating to interrogations, but deliberately did not follow them. The defendants' motion to exclude police policies and procedures (ECF No. 179) therefore is **DENIED**.

B.

Next, the defendants ask the Court to "preclude [the plaintiff] from offering any evidence [about] why he pled [sic] guilty when he claimed privilege related to discussions he had with his attorney?" However, after reviewing the proffered portions of the plaintiff's deposition, the Court finds that there is no indication that the plaintiff refused to answer any questions that were asked under an assertion of privilege. It is true that the plaintiff made clear that he was not waiving his attorney-client privilege with his criminal defense lawyer. But the transcript indicates that defendants' counsel disavowed any intention to inquire about discussions that the plaintiff had with his attorney in the criminal case and chose not to press the topic. The defendants' motion (ECF No. 180) therefore is **DENIED** for lack of merit in the grounds presented.

C.

Next, the defendants ask the Court to exclude photographs of a pistol retrieved from a cell phone that belonged to Michael Robinson, who appears to have been the principal target of the shooting attack on Runyon Street. The defendants contend that there is "no evidence" that the gun in the photographs belonged to the deceased, or that Robinson took the picture. However, the plaintiff has proffered evidence that (1) Vincent Smothers testified that he took a .40 caliber pistol from the Runyon Street home (Robinson's residence), after he found the gun sitting on a table beside Robinson's dead body in the living room, (2) Smothers confessed that he used the same gun to commit another murder for which he was convicted, and the ballistics evidence in that case established a match between bullets taken from the victims and a .40 caliber pistol that was retrieved from a hiding spot where Smothers told police he had concealed the gun, (3) Michael

Robinson's cell phone as examined by Michigan State Police (MSP) forensic experts and several photos were recovered, including the one at issue here, and (4) an MSP ballistics expert attested that he viewed the photograph and examined the .40 caliber pistol that was used to commit the other murder to which Smothers confessed, and in his opinion the guns appeared to be the same model, with similar wear patterns, although he could not conclusively state that they were the same gun. The Court observes that the overarching relevance of evidence about the gun is to connect Smothers to the Runyon Street murders and bolster the credibility of his confession. The relevancy of the photograph depends on the fulfillment of a condition of fact, namely, whether the photo depicts the same gun that Smothers picked up at the scene. In that circumstance, the Court need only conclude that proof has been offered that is "sufficient to support a finding that the fact does exist." Fed. R. Evid. 104(b); *United States v. Isiwele*, 635 F.3d 196, 199 (5th Cir. 2011) ("Under Rule 104(b), the trial court must admit the evidence if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." (quotations omitted)). Under Rule 401, the bar for establishing relevancy as a general principle is relatively low. Here the relevancy of the gun and the photograph readily are apparent, and the proofs suggested by the plaintiff are sufficient for a jury reasonably to infer that the gun Smothers took from the scene and the gun depicted in a photograph on the decedent's cell phone are the same weapon, particularly since the weapon (and the phone, presumably) both were discovered nearabout the body of the deceased in his own home. Those same proofs also are sufficient for a jury reasonably to conclude that the photograph is what the plaintiff claims it to be, namely a snapshot of the weapon taken from near Robinson's person and later used by Smothers to commit other crimes. Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent

claims it is."). The foundational evidence offered to establish admissibility may be circumstantial, and an item may be authenticated by its distinctive characteristics. Fed. R. Evid. 901(b)(4). The preliminary showing here is sufficient, and the defendant's motion to exclude photographs of a .40 caliber pistol (ECF No. 182) therefore is **DENIED**.

D.

Next, the defendants ask the Court to exclude evidence of certain consent decrees entered in proceedings that predated the events on Runyon Street. The plaintiff indicated in his response that he does not intend to introduce any evidence of those consent decrees at trial, and the unopposed motion to exclude that evidence (ECF No. 183) therefore is **GRANTED**.

E.

Next, the defendants ask the Court to exclude "evidence that any complaints have been lodged against Russell or Tolbert or that Russell had been disciplined before." The Court finds that neither the motion nor the opposition identify the evidence that would be offered or its purpose with sufficient particularity for the Court to rule on its admissibility before trial. The defendants' motion (ECF No. 185) therefore is **DENIED** without prejudice to the defendants' renewal of any appropriate contemporaneous objection at trial. However, before offering any evidence of prior discipline of either defendant, counsel for the plaintiff must seek a sidebar conference and make an offer of proof so that the Court can consider the specific evidence proffered in light of the record developed at trial, and, if necessary, rule on any objections out of the presence of the jury. *See* Fed. R. Evid. 103(d).

F.

In their next motion, the defendant argue that the plaintiff "should be collaterally estopped from claiming he is exonerated" because the state court criminal case was dismissed "without

prejudice." The plaintiff points out in his response that he does not intend to offer any evidence about the state court proceedings to establish that he is actually innocent of the murders, but instead he intends only to offer the record of the dismissal to prove that the proceeding was terminated in his favor, which is a necessary element of the malicious prosecution claim. The Court finds that the evidence of the dismissal is relevant for that purpose, and the Court already twice has ruled on, and rejected, the defendants' non-meritorious estoppel argument. Those prior rulings foreclose the relief sought in the present motion (ECF No. 187), which is therefore **DENIED**.

G.

Next, the defendants ask the Court to exclude video excerpts of an episode of a television series known as "First 48," which included portions of an interrogation by defendant Russell of a suspect in an unrelated homicide case. The Court has reviewed the video and is unable to discern how presentation of it may aid either party's case. However, the Court finds that it is not able to rule on the admissibility of the depiction without the benefit of the context afforded by the record of other evidence that will be developed at trial. The defendants' motion (ECF No. 190) therefore is **DENIED** without prejudice to renewal of any appropriate contemporaneous objection at trial. However, before offering any portion of the video recording into evidence, counsel for the plaintiff must seek a sidebar conference and make an offer of proof so that the Court can consider the specific material proffered in light of the record developed at trial, and, if necessary, rule on any objections out of the presence of the jury. *See* Fed. R. Evid. 103(d).

H.

Next, the defendants ask the Court to exclude all evidence relating to an interrogation style known as "the Reid technique." The defendants do not elaborate in their motion on what the "technique" comprises or what evidence of it may be offered. The plaintiff suggests in his

opposition that he will offer evidence that (1) Russell admitted he was trained in principles of the Reid technique, (2) among other things, the principles espoused as part of the technique include not disclosing non-public information to an interrogation subject, to eliminated the likelihood that any details of the crime he may provide were learned from police and not via the suspect's guilty participation, and (3) Russell insists that he did not disclose any non-public details of the crime to the plaintiff. The plaintiff contends that evidence suggesting that Russell did, in fact, provide him with details of the crime, coupled with Russell's admission that he was trained to avoid that, could be relevant to show that he acted deliberately when he tainted the plaintiff's confession. The Court finds that, if such a foundation can be established, the evidence may be relevant to the questions of intent and willfulness. However, the Court is not able conclusively to rule on the admissibility of any evidence about the technique as a general matter, due to the vague description of it in the parties' papers. The defendants' motion (ECF No. 193) therefore is **DENIED** subject to renewal of any appropriate contemporaneous objection. However, before offering any evidence about "the Reid technique," counsel for the plaintiff must seek a sidebar conference and make an offer of proof so that the Court can consider the specific material proffered in light of the record developed at trial, and, if necessary, rule on any objections out of the presence of the jury. *See* Fed. R. Evid. 103(d).

I.

Next, the defendants ask the Court to exclude a report and testimony by DPD ballistics expert David Paunch concerning Paunch's evaluation of shell casings recovered from the Runyon Street murder scene, and his conclusion that the casings all were fired from the same weapon. The plaintiff indicates that he intends to offer the evidence only to show that defendant Russell was aware of the report, which was prepared after the plaintiff confessed to the murders, and that he

knew that the conclusions stated in the report contradicted details of the confession. The Court finds that the report is relevant and admissible, assuming a proper foundation is laid, for the limited purpose of showing that Russell was aware of the report and its substance. See Fed. R. Evid. 105. The motion (ECF No. 194), however, will be **GRANTED IN PART**, and the plaintiff may not offer the report to prove any of the facts asserted therein. The defendants also may suggest an appropriate limiting instruction in their proposed jury instructions. The motion is **DENIED** in all other respects.

J.

Next, the defendants ask the Court to exclude evidence about a polygraph examination of Vincent Smothers. The plaintiff indicated in his response that he does not intend to introduce any evidence relating to the polygraph exam, and the unopposed motion to exclude that evidence (ECF No. 195) therefore is **GRANTED**.

K.

The defendants next present an omnibus motion concerning documentary evidence in various categories, most of which is only vaguely described. The plaintiff asserts in his response that he does not intend to offer any evidence identified under the headings of "affidavits, expert reports, or notices of depositions at trial," and that he does not intend to offer any deposition transcripts other than those of the defendants for the purpose of impeachment or as statements made in prior testimony, or in lieu of live testimony. The Court therefore will **GRANT IN PART** the defendants' motion (ECF No. 197) and **EXCLUDE** all "affidavits, expert reports, or notices of depositions at trial," as well as all deposition transcripts other than those which the plaintiff has indicated he may offer for the permissible purposes noted above. However, the Court directs counsel for the parties to ensure that they identify in the joint final pretrial order any witnesses

whose testimony may be offered by deposition in lieu of live appearances. The motion is **DENIED** without prejudice in all other respects, subject to renewal of any appropriate contemporaneous objections at trial. Any exhibits that fall within the categories identified in the motion must be supported by an adequate foundation, and the Court will evaluate their admissibility in light of the other evidence in the record.

L.

Next, the defendants ask the Court to exclude evidence that, during an interview with the Michigan State Police, defendant Tolbert was asked to replicate his sketch of the Runyon Street crime scene, and he did so in the presence of the investigators, but at the end of the interview, when he was leaving the room, he grabbed the sketch, crumpled it up, and tried to take it with him out of the room. The Court finds that evidence of facts about what occurred during the interview is admissible and may be relevant to establish Tolbert's consciousness of guilt, assuming that testimony about his behavior is supplied by a witness with personal knowledge. The defendants have not made any persuasive showing that any unfair prejudice would result from the admission of testimony about Tolbert's conduct, *see Dresser v. Cradle of Hope Adoption Ctr., Inc.*, 421 F. Supp. 2d 1024, 1030 (E.D. Mich. 2006) (discussing components of unfair prejudice), and the Court finds that any such prejudice would be outweighed by the probative force of the testimony, *see* Fed. R. Evid. 403. The defendants' motion (ECF No. 198) therefore is **DENIED**.

M.

Next, the defendants ask the Court to exclude all evidence about defendant Russell's statements to Detroit Police Investigator Ira Todd during a 2009 re-investigation of the Runyon Street murders. The plaintiff indicated that he intends to offer Todd's testimony that Russell, "out of the blue" contacted Todd and repeatedly inquired about the status of the investigation, Russell

seemed "nervous" about the investigation, and that Russell admitted to Todd during a telephone conversation that Tolbert had drawn the crime scene sketch but insisted that he had "nothing to do with that." Any statements by Russell would of course fall within the rubric of non-hearsay party admissions under Federal Rule of Evidence 801(d)(2)(A), and therefore would be admissible and relevant for obvious reasons as bearing on Russell's knowledge that the crime scene sketch was fabricated. The plaintiff indicated in his response that he does not intend to offer any evidence about defendant Tolbert's authorization of "unlimited overtime" on the Runyon Street investigation or about the circumstances of Ira Todd's transfer out of the Violent Crimes division. The motion (ECF No. 201) therefore is **GRANTED IN PART** and evidence about those latter topics **ONLY** is **EXCLUDED**. However, the motion is **DENIED** in all other respects, and Todd may testify at trial about any matters within his personal knowledge concerning Russell's conduct during the investigations and any statements made by Russell.

N.

Next, the defendants ask the Court to exclude evidence of "other crimes" committed by Vincent Smothers and persons alleged to have been his accomplices in unrelated criminal incidents. The plaintiff indicated in his response that he intends to offer evidence of such things as (1) Smothers's conviction for another murder that he committed with the .40 caliber pistol that he took from the Runyon Street crime scene, and (2) the fact that Smothers attested that he confessed to 12 other murders, and he was investigated or convicted for all of those crimes, except the four murders on Runyon Street. The Court finds that all of the evidence that the defendants seek to exclude bears on the question whether or not Sanford participated in the Runyon Street murders. It does not appear that the defendants are prepared to concede that Sanford was not involved in those killings. Understandably, the plaintiff therefore seeks to introduce evidence that

bolsters the credibility of Smothers's admissions that he committed the murders and Sanford was not involved. The evidence about the circumstances of the other crimes and Smothers's convictions for them has some tendency to make Smothers's confession more believable, and the defendants have not made any convincing showing that any unfair prejudice to them would result from the admission of evidence about Smothers's other crimes in this case. See Fed. R. Evid. 404(b). Moreover, the evidence about the other crimes may be relevant to suggest that the defendants' reaction to Smothers's confession was prompted by consciousness of their own culpability for an improper conviction. The evidence identified within the scope of the motion and opposition is admissible and relevant, and the motion (ECF No. 203) therefore is **DENIED**.

O.

Finally, the defendants ask the Court to exclude all testimony by several witnesses named in the plaintiff's disclosures. However, the motion does not describe the substance of any of the witnesses' proposed testimony in any detail, and it is not supported by any developed argument. Instead it seems to be grounded only in the defendants' speculation that the witnesses have no useful testimony to offer that may aid in the trial. The motion (ECF No. 204) is **DENIED** for lack of merit in the grounds presented. However, the defendants may renew any appropriate contemporaneous objections to the listed witnesses at trial, if they have a sound basis.

III.

Accordingly, for the reasons stated above, it is **ORDERED** that the defendants' motions (ECF No. 179, 180, 182, 187, 198, 203, 204) are **DENIED**.

It is further **ORDERED** that the defendants' motions (ECF No. 183, 195) are **GRANTED**.

It is further **ORDERED** that the defendants' motions (ECF No. 185, 190, 193) are **DENIED** without prejudice to the renewal of any appropriate contemporaneous objections at trial and subject to the other conditions stated above.

It is further **ORDERED** that the defendants' motions (194, 197, 201) are **GRANTED IN PART AND DENIED IN PART** subject to the limitations and conditions stated above.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: June 3, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 3, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

---