UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVONTAE SANFORD,

        Plaintiff,                                      Case Number 17-13062

v.                                                      Honorable David M. Lawson

MICHAEL RUSSELL and JAMES
TOLBERT,

        Defendants.
_____/

## ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE, STRIKING PROPOSED SUPPLEMENTS, AND DENYING PLAINTIFF'S MOTION TO SEAL

On June 3, 2019, the defendants filed a notice of appeal of the Court's ruling denying their motion for summary judgment based in part on qualified immunity. Subsequently, the plaintiff filed a motion seeking sanctions against defendants' counsel for certain misrepresentations allegedly made during the course of the proceedings before this Court and on appeal. That motion is fully briefed, but the proceedings on it have been stayed by the Court pending the decision on appeal. On January 3, 2020, the defendants filed a motion for leave to submit a supplemental response in opposition to the motion for sanctions, which was accompanied by a proposed supplemental brief and certain exhibits. The Court will deny that motion without prejudice to renewal by the defendants when the case returns from the appellate court, because there is no need for supplementation at this time, and there is a possibility that the issues presented by the motion for sanctions could be impacted materially by the decision on appeal.

The plaintiff also filed a motion to seal the motion for leave to file a supplemental response. In his motion to seal, the plaintiff argues that the defendants' filing should be sealed because it presents "unconfirmed" information about certain laboratory results recently procured by the

Michigan State Police.  "The courts have long recognized . . . a 'strong presumption in favor of openness' as to court records," and "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them."  *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)).  "The burden is a heavy one," and "'[o]nly the most compelling reasons can justify non-disclosure of judicial records.'"  *Ibid.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).  "Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access."  *Ibid.*  Nevertheless, it is well settled that "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).  The plaintiff has not advanced any sufficiently compelling interest to override the presumption of openness in the records of this Court, and he seeks to have the information in question sealed because it is unhelpful to his position on both the merits of the case and his motion for sanctions, and it may generate adverse publicity.  He has not otherwise identified any weighty interest in confidentiality that could overcome the presumption against closure.  The motion to seal therefore will be denied.

Accordingly, it is **ORDERED** that the defendants' motion for leave to file a supplemental response (ECF No. 347) is **DENIED** without prejudice to renewal of the request to supplement after the decision on appeal.  The proposed supplemental brief and exhibits that were filed without leave (ECF No. 347-2, 347-3, 347-4, and 347-5) are **STRICKEN**.

It is further **ORDERED** that the plaintiff's motion to seal (ECF No. 348) is **DENIED**.

                                          s/David M. Lawson
                                          DAVID M. LAWSON
                                          United States District Judge

Date:   January 14, 2020

- 3 -

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on January 14, 2020.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI