UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVONTAE SANFORD,

       Plaintiff,                             No. 17-13062

v.                                          District Judge David M. Lawson
                                              Magistrate Judge R. Steven Whalen

MICHAEL RUSSELL and
JAMES TOLBERT,

       Defendants.
_____/

**OPINION AND ORDER**

Before the Court is Defendants' and non-party City of Detroit's Motion for Relief and/or Clarification and Request for Protective Order Relating to Docket No. 171 [ECF No. 373]. For the reasons that follow, the Motion is DENIED.

**I.    BACKGROUND**

On January 16, 2019, I entered an order [ECF No. 171] granting in part Plaintiff's motion to compel discovery. Pertinent to the present motion is the portion of my order addressing allegations and/or findings of misconduct against Defendant Officers Russell and Tolbert. In his discovery requests, Plaintiff sought records of all allegations and/or findings against Defendants of any misconduct, citizen complaints, or investigations, substantiated or not, and allegations or investigations of Defendants' conduct with regard to bias and/or fabrication of evidence. I found that Plaintiffs were "entitled to discovery of all disciplinary factual findings and disciplinary actions taken against Defendants, regardless of whether or not they relate to the claims in this case," but that "discovery of *unsubstantiated complaints or complaints that did not lead to discipline* are relevant only

-1-

if they involve the same type of conduct alleged in the complaint." ECF No. 171, PageID.10037 (emphasis added)(citing *Frails v. City of New York*, 236 F.R.D. 116, 117 (E.D.N.Y. 2006)). I granted the motion to compel as to "unsubstantiated complaints involving alleged misconduct of a similar nature to that alleged in the complaint," ECF No. 171, PageID.10038. Again citing *Frails*, I found that this material was relevant as bearing on the Defendants' intent. *Id.*, PageID.10037.

On May 5, 2019, Judge Lawson denied Defendants' motion for summary judgment:

> "Fact questions preclude summary judgment for the defendants, based on qualified immunity and otherwise, on the plaintiff's claim for fabrication of evidence (under the Fourteenth Amendment); (2) coerced confession (Fifth Amendment); and (3) malicious prosecution (Fourth Amendment)." ECF No. 309, PageID.14939.[1]

Following this decision, an Internal Affairs investigation was opened on Defendant Russell, with the focus being on "whether Russell's testimony at Plaintiff's preliminary hearing, trial, and post-conviction hearing conformed with the City's internal policies." Motion, ECF No. 373, PageID.19626. More specifically, Defendants state, "The Internal Affairs investigation at issue here involved whether Russell provided false testimony at a sketch that both Tolbert and Sanford drew on." *Reply Brief*, ECF No. 379, PageID.19760. However, while the investigation was pending, Russell retired, and the Internal Affairs case was administratively closed.

Defendants and non-party City of Detroit now seek a protective order precluding Plaintiff's access to the recent Internal Affairs file on Russell.

---

[1] The Sixth Circuit affirmed this Court's denial of summary judgment based on a qualified immunity analysis. ECF No. 350.

## II.  DISCUSSION

The Defendants first argue that Russell's IA file is not responsive to my previous order, which directed the production of not only "all disciplinary factual findings and actions taken against Defendants," but "unsubstantiated complaints involving alleged misconduct of a similar nature to that alleged in the complaint." The Defendants argue that "[t]he investigation at issue fits neither of those categories because the investigation ended prior to a decision of whether the charges were substantiated or unsubstantiated and due to Russell's retirement." ECF No. 373, PageID.19628.

The Defendants misread my order. It does not require that a complaint be affirmatively adjudicated as "unsubstantiated" to be discoverable. Rather, it is sufficient if the complaint simply does not result in an affirmative finding of culpability or discipline. In this regard, my opinion stated:

> "Therefore, the Plaintiff's request for *all* unsubstantiated complaints *or complaints that did not result in discipline* is DENIED.  However, the motion is granted *as to such unsubstantiated complaints* involving alleged misconduct of a similar nature to that alleged in the complaint." ECF No. 171, PageID.10038.

The IA complaint against Russell falls squarely within my order, since it did not ultimately result in discipline. Had Russell not retired, the investigation would have gone forward, resulting in either a finding that the allegations were substantiated or that they were not. In either case, the file would have been discoverable. The fact that Defendant Russell short-circuited the investigation by his voluntary and likely self-interested decision to retire (thereby precluding the possibility of disciplinary action) is irrelevant.

The Defendants also argue that the IA investigation, which was focused on whether Russell testified truthfully in the Plaintiff's criminal proceedings, did not involve conduct of a similar nature to the claims in this case, i.e., "whether Russell used coercive

interrogation tactics on Plaintiff, whether he fabricated the sketch, or whether he sought charges against Plaintiff without probable cause." ECF No. 373, PageID. 19628.

To posit that preparing a false police report and presenting false evidence to the prosecutor before trial does not constitute "conduct of a similar nature" to lying about those same matters at trial defies logic. This Court's decision denying summary judgment drew a clear connection between the lies told to the prosecutor and the lies told from the witness stand at trial:

> "These particular falsehoods–that Sanford drew the diagram himself, from his own knowledge of the scene, and that Sanford was not shown any photos of the crime scene depicting the bodies–are at the very heart of this case. These are the two central, crucial lies that were told over and over by Russell and Tolbert before, during, and after the trial." ECF No. 309, PageID.14936.[2]

Likewise, the Sixth Circuit noted, "Russell and Tolbert...told prosecutors that Sanford had drafted the confession and drawn the sketch on his own. These two documents were critical evidence in the decision to charge Sanford and later, during his 2008 bench trial. At trial, Russell testified that Sanford had confessed and drawn the sketch." ECF No. 350, PageID.16979. In other words, Russell engaged in a continuum of lies, beginning with his false police report and including during his trial testimony. All of those lies involved the same subject–the circumstances of Plaintiff's interrogation, and

---

[2] Addressing the Plaintiff's claim of manufacture of false evidence, the Court also stated,

> "'[A] police officer who manufactures false evidence against a criminal defendant violates due process if that evidence is later used to deprive the defendant of [his] liberty in some way.' *Avery v. City of Milwaukee,* 847 F.3d 433, 439 (7th Cir. 2017) (quoting *Whitlock v. Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012); citing *Mooney v. Holohan*, 294 U.S. 103, 112 (1935) ("[T]he presentation of testimony known to be perjured...to procure the conviction and imprisonment of a defendant is as inconsistent with the rudimentary demands of justice as is the obtaining of a like result by intimidation.").'" ECF No. 309, PageID.14928.

who drew the sketch. And as I clearly indicated in my previous order, unsubstantiated complaint of a similar nature–which would include the investigation into Russell's trial testimony–is relevant to his intent. To support a malicious prosecution claim, a plaintiff must show that the defendant "stated a deliberate falsehood or showed reckless disregard for the truth...." *Gregory v. City of Louisville*, 444 F.3d 725,758 (6th Cir. 2006).[3]

In addition, Defendants argue that "Russell cannot be held liable in this case based on the in-court testimony that he provided in those proceedings because person, including police officers, are entitled to absolute immunity when they testify." ECF No. 373, PageID.19629. Again, however, the IA file, which may include but not be limited to the exact content of his trial testimony, is relevant to Russell's intent when he made the false statements to the prosecutor. Moreover, whether or not absolute immunity shields testimony given in judicial proceedings, see *LeFever v. Ferguson*, 567 F. App'x 426, 430 (6th Cir. 2014), is beside the point. The issue here is discoverability under Fed.R.Civ.P. 26(b), not admissibility under the Federal Rules of Evidence.

In summary, my order [ECF No. 171] is clear on its face, and the IA file on Russell is discoverable under the terms of that order. Defendants have no shown any "reason that justifies relief" from my order under Fed.R.Civ.P. 60.

Finally, the City of Detroit, which has been dismissed from this case, contends that it is not subject to my discovery order because it is not currently a party. However, I note that the Defendants and the City of Detroit are represented by the same attorney. In his

---

[3] The Defendants' argument that the IA investigation is not relevant "because it focused on whether Russell deviated from internal policy" is of no consequence. Plaintiff does not contend that a violation of police regulations necessarily equates to a constitutional violation, but rather seeks information regarding the substantive *facts* of the investigation, not its ostensible purpose. Had the investigation gone forward and resulted in disciplinary action against Russell, he would be hard pressed to argue that the IA file would not be discoverable under my previous order.

response to this motion, Plaintiff has cited a number of cases holding that when a party's counsel has discoverable records, he or she must produce them. *See e.g., Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 362 (5th Cir. 2018). That makes practical sense in this case, since, were I to grant the City's motion on this basis, Plaintiff could simply serve a Rule 45 subpoena, adding another step to the process. Rather than delaying the inevitable, I will order the City's counsel to produce the IA file.

Although I denying Defendants' and the City's motion and ordering that Russell's IA file be produce, I will allow the redaction of any material to which privilege, including the deliberative process privilege, is claimed, and any personal identifying information that would fall within *Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998). Any claims of privilege will be accompanied by a privilege log.

### III.  CONCLUSION

Under the terms set forth above, Defendants' and non-party City of Detroit's Motion for Relief and/or Clarification and Request for Protective Order Relating to Docket No. 171 [ECF No. 373] is DENIED.

IT IS SO ORDERED.

                                                  s/R. Steven Whalen
                                                  R. Steven Whalen
                                                  United States Magistrate Judge

Dated: December 30, 2020

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was sent to parties of record on December 30, 2020 electronically and/or by U.S. mail.

                                           s/Carolyn M. Ciesla
                                           Case Manager